UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KARRIE WEST**, <br><br> Plaintiff, <br><br> vs. <br><br> **TARGET CORPORATION**, <br><br> Defendant. | 2:19-CV-13183-TGB-APP <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Target shopper Karrie West got hurt when she was trying to separate a plastic storage bin from a nested stack on the upper shelf and the bins fell on her. Plaintiff West sued Defendant Target Corporation under various tort theories. Target moved for summary judgment. That motion will be **GRANTED IN PART** and **DENIED IN PART.**

## I.   BACKGROUND

On May 7, 2018, Karrie West went to a Target store in Auburn Hills, Michigan. She was looking for storage bins to use at home. She decided that she wanted a plastic under-bed storage container. The bins she initially selected were located on a high shelf such that she had to reach overhead to get one. Target's documentation of the incident indicates that the shelf was 60 inches off the ground. ECF No. 14-5,

1

PageID.231. When she tried to remove one bin from a nested stack of bins, Plaintiff says a "large number" of the bins fell onto her from the shelf and caused her injury. ECF No. 1-2, PageID.13-14. Her expert report alleges with more specificity that seven bins, measuring 44 inches x 19.75 inches x 6.325 inches each and weighing 59.5 pounds in total, fell on her head, shoulder, and hand. ECF No. 16-5, PageID.342.

Plaintiff eventually chose to buy a different bin, and continued shopping. At the checkout, she reported the incident to a cashier, but she was not asked to complete an incident report and the cashier did not report her complaint to a manager. She went back home. West Dep. 57:5-20, 83:23-91:16, ECF No. 14-4, PageID.211, 217-19.

The next day, Plaintiff experienced pain in her neck and had difficulty doing basic tasks. West Dep. 93:25-95:8, ECF No.14-4, PageID.220. At this time Plaintiff decided to call the Target store she visited. She spoke with an employee, who generated an incident report. Def.'s Ex. A, ECF No. 14-3.

Plaintiff continued to experience pain that she attributes to the accident. She filed a lawsuit in state court on February 28, 2019. The parties engaged in significant motions practice and discovery there. After receiving the Case Evaluation summary with Plaintiff's claim for $74,522.85 in damages, Defendant timely removed the case to this Court on October 29, 2019. ECF No. 1, PageID.3. After further discovery in this

2

Court, Defendant filed its Motion for Summary Judgment. ECF No. 14. The Court heard argument on the motion on April 26, 2021.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact such that the movant is entitled to a judgment as a matter of law." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013); see also Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348. The trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v.*

*J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Rather, the "nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). The Court must then determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to the trier of fact or whether the moving party must prevail as a matter of law. *See Anderson*, 477 U.S. at 252.

### III.  ANALYSIS

#### A. Premises liability

Plaintiff first brings a claim in Count I for premises liability.

##### i.  Standard for a finding of premises liability

In general, a premises possessor (invitor) owes a duty to an invitee, such as a customer in a store, to exercise reasonable care to protect the invitee from any unreasonable risk of harm caused by a dangerous condition on the land. *Lugo v. Ameritech Corp.*, 629 N.W.2d 384, 386 (Mich. 2001) (citing *Bertrand v. Alan Ford, Inc.*, 537 N.W.2d 185 (Mich. 1995)). In an exception to this rule, if the risk of harm exists only because the invitee does not discover it or realize it even though they should have, the "open and obvious" doctrine prevents the invitor from facing liability. If, however, despite the "open and obvious" nature of the risk, the risk is still unreasonable, the invitor may have some duty to undertake reasonable precautions. That duty generally requires the presence of

4

"special aspects of a condition" that (1) "make even an open and obvious risk unreasonably dangerous," or (2) create "situations in which it is 'effectively unavoidable' for an invitee to avoid the hazard posed by such an inherently dangerous condition." *Hoffner v. Lanctoe*, 821 N.W.2d 88, 91 (Mich. 2012). If a court determines some "special aspects" are present, the question of what duty the invitor owed to invitees to take reasonable precautions and whether they fulfilled that duty is generally left to the jury. *Bertrand*, 537 N.W.2d at 187.

### ii. Whether the hazard was "open and obvious" is a jury question

The test for whether a condition on a premises presents an "open and obvious" risk of injury is an objective one: "whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner*, 821 N.W.2d at 94-95. Examples of conditions that Michigan courts have found to be open and obvious include a step (*Bertrand*), a pothole (*Lugo*), ice and snow on the ground in the winter (*Hoffner, Buhalis v. Trinity Continuing Care Servs.*, 822 N.W.2d 254 (Mich. 2012)), a metal strip at the bottom of a display (*Bradfield v. Meijer, Inc.*, No. 258458, 2006 WL 708145 (Mich. Ct. App. Mar. 21, 2006)), and a stack of boxes that the plaintiff stood on to reach something (*Bizyk v. Joe Randazzo's Fruit & Vegetable, Inc.*, No. 250570, 2005 WL 387550 (Mich. Ct. App. Feb. 17, 2005)).

Defendant's primary argument is that the danger presented by the bins falls under the "open and obvious" doctrine, and therefore Target cannot be held liable for Plaintiff's injury. In support of this contention, Target points out that Plaintiff saw the bins on the shelf (West Dep. 53:21-24), had seen this kind of display before (West Dep. 65:3), had not previously thought there was anything wrong with this kind of display (West Dep. 76:2-4), and knew from previous experience that, with these kinds of stacked bins, it is necessary to unstick the vacuum seal by letting air go in between the bins before you can pull one off ("I did know that they do suction together when you try to pull them apart") (West Dep. 65:4-19). ECF No. 14-4. Again, the "open and obvious" test is an objective one—whether an average user of ordinary intelligence would reasonably discover the danger—rather than one depending on this particular Plaintiff's state of mind. Target presumably cites these facts to support the idea that an average person would find the hazard presented by the bins to be open and obvious.

But to accept that argument would be to find that an average person would find the act of reaching for a plastic bin from a stack located on a shelf at a retail store to present an obvious risk of danger. Based on a similar display at another store, Plaintiff alleges, and Defendant does not contest, that there was no sticker or signage indicating that customers should ask for help with these bins. Figure 2, ECF No. 16-5, PageID.343. Plaintiff's expert report also describes common practices in

the retail industry regarding the display of items like these bins that make the displays safer for consumers and that Target did not employ here. ECF No. 16-5, PageID.346. Drawing reasonable inferences in favor of Plaintiff, a reasonable juror could find that a stack of plastic bins, which largely appear to be lightweight and maneuverable, does not represent such an open and obvious hazard that it would seem inherently risky to try to take one off the shelf without help.

The situation here is similar to that in the case of *Hua v. Home Depot*. There, the plaintiff was injured when attempting to pull down a bag of patio sand from a display. *Hua v. Home Depot U.S.A., Inc.*, 452 F. Supp. 3d 698, 704 (E.D. Mich. 2020). Defendant Home Depot argued that any reasonable person would know it was dangerous to try to lift the bag of heavy sand alone. However, considering deposition testimony about Home Depot's usual practices regarding setting up displays as well as evidence about the nature of the display itself, Chief Judge Hood found that "reasonable minds may disagree with Defendant's view of what creates an unreasonably dangerous display." *Id.* at 703-04.

An orderly aisle of a retailer, with rows of neatly stacked storage bins, is quite different from a parking lot with a patch of slick ice, an entrance with a broken front step, or wooden floor with a missing board—these everyday occurrences are the kind that alert the average person to take precautions. Because there are questions of fact as to whether the risk presented by the bins was in fact open and obvious, summary

7

judgment as to this part of Count I is denied. The analysis therefore ends at this juncture of the "open and obvious" test and there is no need to address whether there are any "special aspects" present on these facts.

**B. Nuisance**

Plaintiff's next theory, included in Count I, is that Target is liable under a public nuisance theory. This claim relies on a Michigan Supreme Court case which indicates that "[a]t common law, acts in violation of law constitute a public nuisance. Harm to the public is presumed to flow from the violation of a valid statute enacted to preserve public health, safety and welfare." *Att'y Gen. ex rel. Michigan Bd. of Optometry v. Peterson*, 164 N.W.2d 43, 53 (Mich. 1969) (holding that unlicensed practice of optometry was a public nuisance).

Plaintiff's briefing, however, fails to identify any "valid statute" that Target's acts allegedly violated. ECF No. 16, PageID.274-75. At oral argument, counsel conceded public nuisance requires identifying the statute being violated but argued that Plaintiff meets the requirement because her expert cites OSHA rules that, according to the expert, Target allegedly violated. But these are rules, not statutes, and Plaintiff cites no authority for the proposition that acts in violation of agency regulations support a claim for public nuisance. Because Plaintiff cannot meet the requirements of a public nuisance claim, summary judgment as to this part of Count I is granted.

## C. Negligence

In Count II, Plaintiff alleges that Target is liable under a theory of general negligence.

### i. Plaintiff can bring a negligence claim

"[E]very person who engages in the performance of an undertaking has an obligation to use due care or to act so as not to unreasonably endanger the person or property of another," and a negligence claim must allege that some person did not fulfill this duty as part of the typical negligence elements of duty, breach, causation, and damages. *Jahnke v. Allen*, 865 N.W.2d 49, 51 (Mich. App. 2014) (*quoting Schenk v. Mercury Marine Div., Lowe Indus.*, 399 N.W.2d 428 (Mich. App. 1986)).

For retail establishments, in Michigan "[i]t is the duty of a storekeeper to provide reasonably safe aisles for customers and he is liable for injury resulting from an unsafe condition either caused by the active negligence of himself and his employees or, if otherwise caused, where known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have had knowledge of it." *Clark v. Kmart Corp.*, 634 N.W.2d 347, 348-49 (Mich. 2001) (quoting *Serinto v. Borman Food Stores*, 158 N.W.2d 485 (Mich. 1968)). There must be some allegation of employee involvement for a negligence claim. By contrast, "[i]f the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises

possessor created the condition giving rise to the plaintiff's injury." *Buhalis*, 822 N.W.2d at 258 (citing *James v. Alberts*, 626 N.W.2d 158 (Mich. 2001)).

Target argues Plaintiff's second count fails because her allegations only support a claim for premises liability. Target cites two cases where courts found that, despite the complaint labeling its negligence and premises liability claims as distinct, both pertained to conditions on the land owned by the business. This meant the claims were in fact one and the same. *See Buhalis*, 822 N.W.2d at 258 (plaintiff slipped and fell on ice on a patio near defendant's building entrance, general assertions that defendant's "employees caused the dangerous condition at issue" not enough to establish negligence claim); *Barriger v. Bon-Ton Dep't Stores, Inc.*, No. 339317, 2019 WL 2552939, at *2 (Mich. Ct. App. June 20, 2019) (plaintiff tripped on a rug in a store, court found that allegations centered on a condition in the store and not employees' conduct).

In contrast, Plaintiff cites *Laier v. Kitchen* as an example of an action where both premises liability and negligence claims were allowed to independently move forward. There, the decedent plaintiff was killed on defendant's property during the attempted repair of a broken front-end loader of a tractor. The plaintiff brought a negligence claim (alleging that the defendant's conduct in manipulating the tractor mechanism was negligent and led to his death), as well as a premises liability claim (alleging that, as an invitee on the defendant's land, the plaintiff was

owed a duty by the defendant to protect him from unreasonable risks). The court denied summary judgment on both claims. *Laier v. Kitchen*, 702 N.W.2d 199, 208-12 (Mich. App. 2005). It was crucial to the court's holding that the plaintiff made specific allegations about the individual defendant's *conduct* to form the basis of the negligence claim, separately from any allegations made about premises liability. *Id.* at 209.

The allegations and facts here are more similar to those in *Laier*. Cases that find negligence and premises liability to be one and the same generally have to do with "conditions on the land" such as steps, flooring, and ice. Here the dangerous condition is a stack of merchandise, rather than some aspect of the "land." Additionally, injuries due to liquids or other items on the ground that would not be expected to be there (unlike ice or a rug) are usually brought as negligence claims. *See, e.g.*, *Clark*, 634 N.W.2d at 348 (plaintiff slipped on loose grapes on the floor of a grocery store, negligence theory allowed to stand); *Ritter v. Meijer, Inc.*, 128 Mich. App. 783, 785, 341 N.W.2d 220, 221 (1983) (same); *but see Richard v. Meijer, Inc.*, No. 342766, 2019 WL 1780670, at *4 (Mich. Ct. App. Apr. 23, 2019) (slip and fall claim due to water that allegedly came through a leaky floor pipe determined to sound only in premises liability because the plaintiff's complaint "did not allege a claim based on defendant's conduct" and only used language related to the premises conditions).

In contrast to the cases Defendant cites, Plaintiff does allege that employees were responsible for what happened to her. ¶¶ 5, 6, 11, ECF No. 1-2, PageID.14-15. Her expert report indicates Target employees deviated from industry standard policies and procedures, specifically the practice of conducting regular floor inspections to address potentially dangerous display setups like the one Plaintiff encountered. ECF No. 16-5, PageID.346. She also denies Defendant's statement of material fact that no Target employee was involved in the incident. ECF No. 16, PageID.258. Additionally, a stack of merchandise seems more analogous to the fruit in *Clark* or *Ritter* than to ice or water on the floor—rather than a condition of the premises or "land," it is an independent variable in the store environment with which Target's employees are alleged to have materially interacted. The negligence claim will therefore be evaluated independently from the premises liability claim.

> **ii. The evidence creates a genuine issue of material fact regarding negligence**

To make out a negligence claim, Plaintiff must show the basic elements of duty, breach, causation, and damages. To meet the "shopkeeper" duty of care under Michigan law, West has to show "active negligence of [Target] and [its] employees or, if otherwise caused, where known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have had knowledge of it." *Clark*., 634 N.W.2d at 348-49. She does not allege any active negligence (*i.e.*, that

12

a Target employee told her to take down the bins or did something in the moment she was taking down the bins that led to her injury). But she does allege that Target "should have had knowledge" of the dangerous condition created by the bins.

Plaintiff's expert report provides evidence that the stacking of the bins and the failure to maintain them in a particular configuration are actions that would be directly connected to Target employees. Her expert report and testimony create questions of material fact regarding whether Target's employees met the standards of due care for this sort of display based on his knowledge of general industry practices regarding the weight of the materials stacked together, the height at which they were placed, and the frequency with which employees maintained the display. *See* Expert Report, ECF No. 16-5, PageID.346; Birnbaum Dep. 17:2-9 (weight); 29:11-33:2, 50:3-52:12 (height); 38:2-15, 45:25-46:25 (employee procedures); ECF No. 16-6.[1] This is sufficient evidence to create an issue of material fact as to whether Target employees breached their duty to keep the store reasonably safe.

---

[1] In Michigan, negligence liability cannot be premised on a defendant's failure to follow its own internal policies. *Zdrojewski v. Murphy*, 657 N.W.2d 721, 729 (Mich. 2002) (holding that "internal policies of an institution . . . cannot be used to establish a legal duty in a negligence claim"). Therefore, the portions of the expert report and deposition testimony that discuss Target's internal manuals and policies are irrelevant in determining whether there is a genuine issue of material fact regarding negligence.

Defendant argues that, even if the Court were to allow a negligence theory, Plaintiff does not know why the bins fell on her, making her claim speculative because she is unable to demonstrate proximate cause. ECF No. 14-1, PageID.188-91. But the expert testimony already cited does provide a proposed factual basis for the reason the bins fell on her, indicating that she could demonstrate both cause in fact and proximate cause to a jury. This is sufficient to create an issue of fact as to negligence on behalf of store employees—whether the evidence will be enough to prove by a preponderance is for the jury to decide. Summary judgment on Count II is therefore denied.

## CONCLUSION

For the reasons stated, Target's Motion for Summary Judgment (ECF No. 14) is **GRANTED IN PART** and **DENIED IN PART.** Specifically, summary judgment is **DENIED** as to the premises liability claim in Count I, and as to Count II. Summary judgment is **GRANTED** as to nuisance liability claim in Count I.

**SO ORDERED**, this 30th day of June, 2021.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge